Matter of Szypula v Szypula

2026 NY Slip Op 03171

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Michael Szypula, appellant,

v

Paul Szypula, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-08992, (Index No. 500633/22)

Angela G. Iannacci, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Neufeld, O'Leary & Giusto, New York, NY (Vasilios Christos Tzanides of counsel), for appellant.

[*1]

DECISION & ORDER

In a proceeding pursuant to General Obligations Law § 5-1510, the petitioner appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated July 26, 2024. The order, insofar as appealed from, denied that branch of the petitioner's motion which was for an award of reasonable attorneys' fees.

ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, Michael Szypula (hereinafter Michael), commenced this proceeding pursuant to General Obligations Law § 5-1510 against his brother, Paul Szypula (hereinafter Paul), inter alia, to revoke a power of attorney given to Paul by the parties' father and for an accounting of all receipts, disbursements, and transactions entered into by Paul on behalf of the father. After joinder of issue, Michael moved, inter alia, for summary judgment on the petition. In that motion, Michael sought, among other things, an award of reasonable attorneys' fees. In an order dated July 26, 2024, the Supreme Court, inter alia, denied that branch of the motion which was for an award of reasonable attorneys' fees. Michael appeals.

"[T]he general rule in New York (i.e., the American Rule) is that counsel fees are merely an incident of litigation and not recoverable absent a specific contractual provision or statutory authority" (Abraham v Torati, 219 AD3d 1275, 1285). Here, Michael has failed to identify any contractual provision or statutory authority for an award of attorneys' fees. Indeed, courts are expressly authorized to award reasonable attorneys' fees in a proceeding pursuant to General Obligations Law § 5-1510 under certain enumerated circumstances, which are inapplicable here (see id. § 5-1504[4][b]; see generally Rivers v Birnbaum, 102 AD3d 26, 36). Further, Michael's contention that an exception to the general rule is applicable under the circumstances is not supported by the case law on which he relies, and is without merit (cf. Matter of Albert K. [D'Angelo], 96 AD3d 750, 753; Matter of John T., 42 AD3d 459, 462; Parker v Rogerson, 49 AD2d 689, 689-690).

Accordingly, we affirm the order insofar as appealed from.

IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court